MELVIN LEE WILEY V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-01-415-CR

MELVIN LEE WILEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Melvin Lee Wiley appeals from his conviction for the murder of his wife, arguing that the evidence is legally insufficient to support the verdict.  We affirm.

The evidence supporting the verdict shows that Virginia Wiley was shot in her and appellant’s home at close range with a revolver owned by appellant. She had a total of eight gunshot wounds, two of which were defensive.  The gun contained six fired cartridge cases.

On the night of the murder, the security company that monitored appellant’s house alarm received a “panic” alarm signal from appellant’s house at 8:45 p.m.  The company tried to call appellant’s house, but the telephone was disconnected, so the police were called.  The company then received another panic alarm at 8:52 p.m.  The security company called Bertha Brown, Virginia’s aunt, who then called the Wiley’s house.  Appellant answered and said Virginia had been shot “three or four times.”

Bertha telephoned Hortense Brown, Virginia’s aunt, and told her what appellant said.  Hortense asked Kendra Brown, Virginia’s cousin, to go to the Wiley’s house to check on them.  When Kendra drove by the house, she saw appellant standing outside just looking.

Appellant went across the street to ask Wiley McDonald, his neighbor, to call 911.  Appellant told McDonald that he came home, went into the house, and saw “his wife was laying on the bed and he said he think that she’s dead.” When the paramedics arrived, appellant told Duston Smallridge, one of the paramedics, that his wife had been shot.  When Smallridge saw Virginia’s body, however, he could not see any gunshot wounds until he rolled her over.  There 

were also no noticeable blood splatters, and only one small blood smudge on the floor beside the bed.  Smallridge said appellant appeared to be unusually calm.

When Officer Mike Salas of the Fort Worth Police Department arrived at the house, he saw appellant in the living room wiping off his hands.  Tests for gunshot residue on appellant’s hands and clothes were negative.  Salas also thought appellant appeared calm.  Appellant showed Salas where Virginia’s body lay and told him that he had come into the house and found his wife shot. There were no signs of burglary or forced entry, and nothing was reported missing.

Officer Jerardo Cedillo arrived later.  Appellant told him that he had been spraying for bugs, left the house, and found his wife dead upon his return. Cedillo saw the butt of the gun sticking out from under clothing that was on top of a table outside the bedroom where Virginia’s body lay.  Cedillo stated that there was no smell of bug spray in the house.

The evidence also showed that appellant and Virginia had marital problems.  Appellant thought Virginia was having an affair, and appellant had once told a friend that he had set fire to his own house in 1998 to prevent 

Virginia’s alleged paramour from acquiring the property appellant and Virginia had accumulated.  After the fire, the relationship between appellant and Virginia deteriorated.  The police concluded that Virginia knew her attacker.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict.  
Cardenas v. State, 
30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).  The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
McDuff v. State
, 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). 
 

Based on the direct and circumstantial evidence in the case, we hold that a rational 
trier of fact could have found the essential elements of the crime beyond a reasonable doubt and that appellant was the perpetrator
.  Thus, we conclude the evidence is legally sufficient to sustain the verdict and overrule appellant’s sole point.

We affirm the trial court’s judgment.
 

SAM J. DAY

JUSTICE

PANEL F: DAY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

[DELIVERED FEBRUARY 20, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.